59 F.3d 175
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Khaled HAJEISSA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-70951.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1995.
Decided June 19, 1995.
 
 Before: GOODWIN, FARRIS, KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Khaled Hajeissa, a Palestinian from Syria, appeals the Board of Immigration Appeals' ("BIA") denial of his request for asylum and withholding of deportation. Because substantial evidence supports the BIA's holding, we affirm.
 
 I.
 
 3
 Hajeissa is the son of a Palestinian father and a Syrian mother. He was born in Syria and lived there until his departure in 1982, although he was not a Syrian citizen. In 1981, after completing his studies in architecture at Damascus University, Hajeissa was drafted into the Syrian army as a lieutenant. He was placed in command of a 12-member platoon to set land mines.
 
 
 4
 Shortly thereafter, Hajeissa says he learned that his army unit would be sent to Lebanon to take military action against PLO-backed Palestinians. Hajeissa "could not bear the thought of killing his own people." Rather than voice these objections to his superiors, he simply asked for, and received, permission to study abroad in Italy.
 
 
 5
 Hajeissa departed Syria in June of 1982, and was expected to return after completing a five-week course. He did not. Instead, he stayed in Italy for six months, and then moved to Algeria, where he found employment and lived for five years. During this time, Hajeissa paid holiday visits to France, Germany, and the United States. At no time did he apply for asylum.
 
 
 6
 Hajeissa entered the United States for a second visit in December of 1987 on a non-immigrant visitor visa, subsequently changed to a non-immigrant student visa. In October of 1988, after Hajeissa failed to enroll in school, the Immigration and Naturalization Service ("INS") issued him an Order to Show Cause. At a hearing, Hajeissa admitted his deportability, but applied for asylum and withholding of deportation.
 
 
 7
 In May of 1989, the Immigration Judge ("IJ") denied his application but granted Hajeissa voluntary departure. The BIA affirmed the IJ's denial in September of 1993. The BIA said "there is an absolute lack of evidence of record of persecution by the Syrian government of military deserters in general, or of ethnic Palestinian deserters, specifically." The BIA concluded that Hajeissa "has made a unilateral decision to pick and choose which battles he would assent to fight in on behalf of the Syrian army, and seeks protection in the United States from having to face the Syrian government for that decision."
 
 
 8
 In this appeal, Hajeissa claims that deportation should be withheld because 1) he will be persecuted for deserting from the Syrian army and 2) he will be persecuted by the political groups whose recruitment efforts he has thusfar rejected.
 
 II.
 
 9
 We review BIA decisions denying withholding of deportation and asylum under the substantial evidence standard. Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir. 1991). We will uphold BIA decisions unless an alien demonstrates "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-484 (1992).
 
 
 10
 Hajeissa claims that he is a refugee qualified for asylum within the United States because he has a well-founded fear of persecution in Syria on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. Secs. 1158 and 1101(a)(42)(A); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir. 1992). Asylum will be granted if 1) Hajeissa can establish past persecution or a well-founded fear of future persecution both objectively and subjectively and 2) the Attorney General chooses to exercise discretion not to deport him. To qualify for withholding of deportation, Hajeissa must meet a higher standard and show a clear likelihood of persecution, by a preponderance of the evidence. INS v. Stevic, 467 U.S. 407 (1984).
 
 
 11
 Because refugees are frequently not in a position to gather documentary evidence of persecution, their own testimony can suffice to establish an objective basis for their fear of persecution, if it is credible, persuasive and refers to specific facts. Cardoza-Fonseca v. INS, 767 F.2d 1448, 1452-53 (9th Cir. 1985), aff'd, INS v. Cardoza-Fonseca, 480 U.S. 421 (1987).
 
 III.
 
 12
 Hajeissa first argues that if he is forced to return to Syria, he will be subject to persecution for his refusal to serve in the Syrian army, which refusal, he says, is based on his political opinion that he could not be a party to the killing of his fellow Palestinians. We disagree.
 
 
 13
 Nations have the sovereign right to conscript their subjects for military service, and we will not grant asylum based merely upon a party's disinclination to perform such service. Only where "a disproportionately severe punishment would result on account of" race, religion, nationality, membership in a particular social group or political opinion, should we consider granting asylum to draft evaders or deserters. Abedini v. INS, 971 F.2d 188, 191 (9th Cir. 1992).
 
 
 14
 Hajeissa has not shown that any punishment he will receive upon his return will be based on anything other than his desertion from the army, or that it will exceed the bounds of legitimate prosecution. Because he did not publicize his "real" reasons for going to Italy, the Syrian army's punishment of Hajeissa is unlikely to be on account of one of the five protected grounds. See Alonzo v. INS, 915 F.2d 546, 548 (9th Cir. 1990) (for persecution to amount to "disproportionately severe punishment" alien must demonstrate that "the government knew of his political or religious beliefs and attempted to conscript him despite those beliefs."). Moreover, Hajeissa has not produced evidence that any prosecution of him for his desertion will be anything other than legally imposed. Instead, Hajeissa argues only that he "cannot be certain as to the punishment he would receive if returned to Syria." Such speculation is insufficient to meet his burden of proof.
 
 
 15
 Hajeissa next claims that he fears persecution by two different political groups whose recruitment attempts he resisted. Because he was never harmed by any group, or even threatened with harm, he has not shown evidence of an objectively well-founded fear of persecution.
 
 
 16
 Other points are briefed by the parties, but none requires discussion.
 
 
 17
 In sum, sufficient evidence supports the BIA's conclusion that Hajeissa does not have a well-founded fear of persecution from either the Syrian military or political groups.
 
 
 18
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3